

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00374-CV

**IN THE INTEREST OF C.K.** and K.K., Children

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2017PA01782
Honorable Charles E. Montemayor, Judge Presiding

Opinion by: Patricia O. Alvarez, Justice

Sitting: Sandee Bryan Marion, Chief Justice
Patricia O. Alvarez, Justice
Irene Rios, Justice

Delivered and Filed: October 10, 2018

AFFIRMED

Dad appeals the trial court's order terminating his parental rights to his children C.K. and

K.K.[i] Dad challenges the sufficiency of the evidence of the grounds supporting termination and

asserts the trial court could not have found by clear and convincing evidence that terminating his

parental rights is in the children's best interests. We affirm the trial court's order.

## BACKGROUND

Dad and Mom never married but they had two children together: C.K. and K.K. After

Mom was murdered, Dad became a suspect. In response, on August 10, 2017, the Department of

Family and Protective Services petitioned for conservatorship of the children and to terminate

Dad's parental rights to the children. The trial court ordered that the children be removed, and it

---

[i] To protect the minors' identities, we refer to the parents and the children using aliases. *See* TEX. R. APP. P. 9.8.

appointed the Department as the children's temporary managing conservator. The Department placed the children with their maternal grandmother, and Dad was ordered to complete a service plan.

Under his plan, Dad was ordered to submit to drug testing, obtain and maintain stable employment and housing, complete a psychological examination and individual therapy, and complete domestic violence and parenting courses. Dad did not complete his service plan. On May 24, 2018, the trial court terminated Dad's parental rights to his children. Dad appeals.

## EVIDENCE REQUIRED, STANDARDS OF REVIEW

The evidentiary standards[1] the Department must meet and the statutory grounds[2] the trial court must find to terminate a parent's rights to a child are well known, as are the legal[3] and factual[4] sufficiency standards of review. We apply them here.

## BASES FOR TERMINATION

### A. Dad's Course of Parental Conduct

The trial court found Dad's conduct met statutory grounds (E), (N), and (O). *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(E), (N), (O) (West Supp. 2017). Dad challenges the legal and factual sufficiency of the evidence supporting each of the trial court's statutory grounds findings.

### B. Best Interests of the Children

Dad also challenges the sufficiency of the evidence supporting the trial court's finding that terminating his parental rights is in his children's best interests. *See id.* § 161.001(b)(2). The Family Code statutory factors[5] and the *Holley* factors[6] are well known. We apply them here.

### C. Witnesses at Trial

In a two-day bench trial, the trial court heard testimony from the Department case worker, the children's maternal grandmother, and Dad. The trial court also received recommendations from the children's attorney ad litem and the CASA volunteer.

In evaluating the evidence, the trial court was the "sole judge[] of the credibility of the witnesses and the weight to give their testimony." *See City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005); *cf. In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (per curiam).

**D.      Evidence of Grounds, Best Interests of the Children**

The evidence pertaining to a parent's acts or omissions may be probative of the statutory grounds for termination and the best interest of the child. *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002) ("[T]he same evidence may be probative of both issues."); *In re R.S.-T.*, 522 S.W.3d 92, 97 (Tex. App.—San Antonio 2017, no pet.). We summarize the evidence below.

The Department removed the children because Dad was a suspect in Mom's murder, and the Department had received allegations of domestic violence between Dad and Mom.

*1.      Dad's Plan Compliance*

Dad completed a psychological evaluation, and he was referred to a domestic violence course, a parenting course, and individual therapy. He did not complete his service plan, and he was discharged unsuccessfully from therapy because of his failure to attend. Dad was required to provide his home address to the Department to show stable housing, but he did not. He responded that he was living with friends temporarily. Dad verified his employment by submitting a pay stub from December 2017, but he did not provide any pay stubs after that date. Four times the Department asked Dad to submit samples for drug testing, but he never complied. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(N), (O) (grounds); *id.* § 263.307(b)(1), (7), (8), (10), (11), (12) (statutory best interest factors); *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976) (factors (B), (C), (D), (H), (I)).

*2.      Dad's Care for the Children*

Dad did not visit the children regularly; he occasionally called them, but he saw them only four times in the eight months after they were removed.  His last visit with them was four months before trial, and he did not visit them in the three weeks between the first and second days of trial.

Dad's failure to visit his children has emotionally damaged C.K.  C.K. is now angry with Dad and does not want to talk with him or live with him.  Dad explained that he does not visit the children because he works 12–13 hour days, four or five days each week, and he does not have a car.  Dad works one mile from where the children are staying.  The case worker testified she would have allowed Dad to visit the children in their home if Dad had asked.

Dad insisted child support was being deducted from his pay, but he did not provide any pay stubs after December 2017 and the children's grandmother testified she has not received any child support from Dad.  *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(N), (O) (grounds); *id.* § 263.307(b)(10), (11), (12) (statutory best interest factors); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (H), (I)).

*3.      Dad's Behaviors Affecting the Children*

Although he was asked four times to do so, Dad never submitted a drug test sample, and the Department was concerned that Dad was abusing drugs.  Before Mom's death, Dad and Mom often quarreled and did so in front of the children.  One time, Dad slapped Mom so hard it knocked her to the ground.  Dad did not complete the domestic violence course; he stated he did not need the services and would not complete them.  *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(E) (grounds); *id.* § 263.307(b)(3), (7), (10), (11), (12) (statutory best interest factors); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (H), (I)).

### *4.    Options, Recommendations*

The children have been living full time with their maternal grandmother since August 10, 2017.  The children are bonded to the grandmother, they are doing well under her care, and she wants to adopt them.  *See* TEX. FAM. CODE ANN. § 263.307(b)(13); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (G), (H)).  The Department, the children's ad litem, and the CASA volunteer all recommended Dad's parental rights be terminated.

### CONCLUSION

Considering all the evidence, we conclude the evidence was legally and factually sufficient to support the trial court's findings of at least one predicate ground for termination and that terminating Dad's parental rights to his children was in the children's best interests.  We affirm the trial court's order.

Patricia O. Alvarez, Justice

---

[1] Clear and Convincing Evidence.  If the Department moves to terminate a parent's rights to a child, the Department must prove by clear and convincing evidence that the parent's acts or omissions met one or more of the grounds for involuntary termination listed in section 161.001(b)(1) of the Family Code, and terminating the parent's rights is in the best interest of the child.  TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2017); *In re J.F.C.*, 96 S.W.3d 256, 261 (Tex. 2002).  The same evidence used to prove the parent's acts or omissions under section 161.001(b)(1) may be used in determining the best interest of the child under section 161.001(b)(2).  *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002); *In re D.M.*, 452 S.W.3d 462, 471 (Tex. App.—San Antonio 2014, no pet.); *see also* TEX. FAM. CODE ANN. § 161.001(b).  The trial court may consider a parent's past deliberate conduct to infer future conduct in a similar situation.  *D.M.*, 452 S.W.3d at 472.

[2] Statutory Grounds for Termination.  The Family Code authorizes a court to terminate the parent-child relationship if, inter alia, it finds by clear and convincing evidence that the parent's acts or omissions met certain criteria.  *See* TEX. FAM. CODE ANN. § 161.001(b).  Here, the trial court found Dad's conduct met the following criteria or ground:

(E)  engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child;

. . .

(N)  constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than six months, and:
(i)    the department has made reasonable efforts to return the child to the parent;
(ii)   the parent has not regularly visited or maintained significant contact with the child; and
(iii)  the parent has demonstrated an inability to provide the child with a safe environment;
       [and]

(O)  failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for

> not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child.

*Id.* § 161.001(b)(1).

[3] Legal Sufficiency.  When a clear and convincing evidence standard applies, a legal sufficiency review requires a court to "'look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true.'"  *In re J.L.*, 163 S.W.3d 79, 85 (Tex. 2005) (quoting *J.F.C.*, 96 S.W.3d at 266).  If the court "'determines that [a] reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true,'" the evidence is legally sufficient.  *See id.* (quoting *J.F.C.*, 96 S.W.3d at 266).

[4] Factual Sufficiency. Under a clear and convincing standard, evidence is factually sufficient if "a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations."  *C.H.*, 89 S.W.3d at 25; *accord In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006).  We must consider "whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding."  *J.F.C.*, 96 S.W.3d at 266; *accord H.R.M.*, 209 S.W.3d at 108.

[5] Statutory Factors for Best Interest of the Child.  The Texas legislature codified certain factors courts are to use in determining the best interest of a child:

(1) the child's age and physical and mental vulnerabilities;
(2) the frequency and nature of out-of-home placements;
(3) the magnitude, frequency, and circumstances of the harm to the child;
(4) whether the child has been the victim of repeated harm after the initial report and intervention by the department;
(5) whether the child is fearful of living in or returning to the child's home;
(6) the results of psychiatric, psychological, or developmental evaluations of the child, the child's parents, other family members, or others who have access to the child's home;
(7) whether there is a history of abusive or assaultive conduct by the child's family or others who have access to the child's home;
(8) whether there is a history of substance abuse by the child's family or others who have access to the child's home;
(9) whether the perpetrator of the harm to the child is identified;
(10) the willingness and ability of the child's family to seek out, accept, and complete counseling services and to cooperate with and facilitate an appropriate agency's close supervision;
(11) the willingness and ability of the child's family to effect positive environmental and personal changes within a reasonable period of time;
(12) whether the child's family demonstrates adequate parenting skills; . . . and
(13) whether an adequate social support system consisting of an extended family and friends is available to the child.

TEX. FAM. CODE ANN. § 263.307(b); *see* [citations to cases in COA jurisdiction].

[6] *Holley* Factors.  The Supreme Court of Texas identified the following factors to determine the best interest of a child in its landmark case *Holley v. Adams*:

(A) the desires of the child;
(B) the emotional and physical needs of the child now and in the future;
(C) the emotional and physical danger to the child now and in the future;
(D) the parental abilities of the individuals seeking custody;
(E) the programs available to assist these individuals to promote the best interest of the child;
(F) the plans for the child by these individuals or by the agency seeking custody;
(G) the stability of the home or proposed placement;
(H) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and
(I) any excuse for the acts or omissions of the parent.

*Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976) (footnotes omitted); *accord In re E.N.C.*, 384 S.W.3d 796, 807 (Tex. 2012) (reciting the *Holley* factors).